UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-60956-CIV-SEITZ/O'SULLIVAN

DIANA M. BERNAL,
    Plaintiff,
v.
ALL AMERICAN INVESTMENT
REALTY, INC., et al.
    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court pursuant to the first Motion for Final Judgment of Garnishment (DE # 257, 9/12/08)[1] and the second Motion for Final Judgment of Garnishment (DE# 260, 9/24/08) filed by judgment creditor Cassata & Hanson, P.L. (hereinafter "C&H"). This matter was referred to the undersigned by the Honorable Patricia A. Seitz in accordance with 28 U.S.C. § 636(b). See Order of Reference (DE# 261, 9/29/08).

Having reviewed the applicable filings and the law, the undersigned respectfully **RECOMMENDS** that the first Motion for Final Judgment of Garnishment (DE # 257, 9/12/08) be **GRANTED** and that the second Motion for Final Judgment of Garnishment (DE# 260, 9/24/08) be **DENIED**. A final judgment of garnishment in favor of C&H and against the garnishee, Bank of America, should be issued for the amounts in the accounts ending in 5761, 1499, 9840, 2180, 3270 and 7318. The writ of garnishment as to the account ending in 5971 should be dissolved and the Clerk should be directed to release the $100 previously deposited with the registry of the Court to the garnishee's counsel.

---

[1] C&H's first Motion for Final Judgment of Garnishment (DE# 257, 9/12/08) concerns the defendants' six Bank of America accounts ending in 5761, 1499, 9840, 2180, 3270 and 7318. C&H's second Motion for Final Judgment of Garnishment (DE# 260, 9/24/08) concerns the defendants' Bank of America account ending in 5971.

## BACKGROUND

On May 12, 2008, the Court entered Final Judgment in favor of the plaintiff's counsel, C&H, and against the defendants, All American Investment Realty, Inc., All American Mortgage Bank, Inc., LTDS Petroleum, Inc., LTDAS Petroleum, Inc., Labelle Petroleum, Inc. and Tariq Hussain (hereinafter "Mr. Hussain"), jointly and severally, in the amount of $74,172.23 for attorney's fees and costs. See Final Judgment (DE# 220, 5/12/08).

In Plaintiff's Motion for Issuance of Writs of Garnishment (DE# 230) filed on June 26, 2008, C&H asserted that Bank of America, N.A. (hereinafter "Bank" or "garnishee") and various other banks may have property belonging to the defendants, and asked that the Court issue a writ of garnishment to those banks. The Clerk of the Court issued the writs on the same day. See Writs of Garnishment (DE# 231 - 237). The Bank served its answer to the writ on July 16, 2008. See Answer to Writ of Garnishment Served July 7, 2008 and Demand for Attorneys' Fees (DE# 245, 7/16/08). In its answer to the writ, the Bank admitted to possessing $3,555.46 belonging to the defendants in various bank accounts ending in 5761, 1499, 5971, 9840, 2180, 3270 and 7318. Id. The amounts contained in each bank account and the names and addresses on the accounts were as follows:

| Account Number | Name and Address | Amount Held |
|---|---|---|
| 5761 | Tariq Hussain or Sadiq Hussain<br>3760 SW 23 St.<br>Ft. Lauderdale FL 33312 | $89.10 |
| 1499 | Tariq Hussain, Sajid Huss[a]in<br>Same address | $618.49 |

| | | |
|---|---|---|
| 5971 | Tariq Hussain, Laura E. Hussain<br>c/o All American Realty<br>1876 N. University Dr. Suite 308G<br>Sunrise, FL 33322-4130 | $2,719.31 |
| 9840 | Ltdas Petroleum, Inc.<br>3670 SW 23 St.<br>Ft. Lauderdale, FL 33312 | $20.80 |
| 2180 | All American Mortgage Bank, Inc.<br>Same Address | Acct. Overdrawn |
| 3270 | All Am Investment Rlty, Inc.<br>Same Address | $68.67 |
| 7318 | Ltds Petroleum, Inc.<br>Same Address | $39.09 |

See Answer to Writ of Garnishment Served July 7, 2008 and Demand for Attorneys' Fees (DE# 245, 7/16/08). C&H did not file a reply to the garnishee's answer, as such the garnishee's answer must be taken as true for purposes of this proceeding. Fla. Stat. § 77.061.

The defendants did not file a motion to dissolve the subject writ of garnishment pursuant to Section 77.055 of the Florida Statutes. The defendants did not request a hearing to dissolve the garnishment within 20 days of the notice to the defendants pursuant to Section 77.041. On August 5, 2008, non-party Laura Hussain (hereinafter "Mrs. Hussain"), defendant Tariq Hussain's wife, filed a Motion for Emergency Hearing on Bank of America account ending is 5971. The undersigned held a hearing on August 22, 2008. Following the hearing, the undersigned issued an Order (DE# 256, 8/22/08) deferring ruling on whether C&H was entitled to apply the funds in the subject bank account toward the outstanding judgment and requiring Mr. and Mrs. Hussain to appear for deposition and provide C&H with records concerning the disputed bank account.

On September 12, 2008, C&H filed the instant Motion for Final Judgment of Garnishment (DE# 257). On September 30, 2008, the undersigned ordered the defendants to file a response to the Motion for Final Judgment of Garnishment (DE # 257, 9/12/08)[2] by October 14, 2008, and cautioned the defendants that their failure to respond could result in a recommendation that the first motion (DE# 257) be granted in its entirety. See Order (DE# 262, 9/30/08).

On October 14, 2008, Mr. Hussain filed his response directed to C&H's second Motion for Final Judgment of Garnishment (DE# 260, 9/24/08), concerning the bank account ending in 5971. See Response to the Motion of Final Judgment of Garnishment (DE# 264, 10/14/08). Mr. Hussain's response briefly refers to the accounts ending in 1499 and 5761 indicating that they were jointly owned with others and were personal accounts. Id. at ¶ 2. C&H filed its reply on October 24, 2008. See Cassata & Hanson, P.L.'s Reply to Defendant Tariq Hussain's Response to the Motion of Final Judgment of Garnishment (DE# 265, 10/24/08).

On January 9, 2009, the undersigned issued an Order requiring C&H to file proof that it complied with the notice requirements of Fla. Stat. §§ 77.041 and 77.055 including notice to "any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee" pursuant to section 77.055, Florida Statutes. See Order (DE# 266, 1/9/09). The undersigned's Order further required that Mr. Hussain file with the Court a copy of the bank signature cards and any other documents or banking agreements establishing the

---

[2] The defendants' response to the second Motion for Final Judgment of Garnishment (DE# 260) filed on September 24, 2008 was not due at that time.

4

nature of the ownership interests for the accounts ending in 1499, 5761 and 5971. Id. Lastly, the undersigned's Order required that the garnishee bank file an affidavit if it was seeking attorney's fees and costs exceeding $100. Id. The Bank did not file an affidavit.

On January 21, 2009, C&H filed proof of its compliance with the garnishment statute's notice requirement. See Judgment Creditor Cassata & Hanson, P.L.'s Notice of Compliance as Ordered per the Court's January 9, 2009 Order (DE# 267, 1/21/09). On January 30, 2009, the undersigned issued an Order to Show Cause (DE# 268, 1/30/09) to Mr. Hussain for failure to file the bank signature cards and any other supporting documents as required by the undersigned's prior Order (DE# 266, 1/9/09). Mr. Hussain responded to the Order to Show Cause on February 4, 2009 advising the Court that the Bank would not release the bank signature cards absent a court order. On February 9, 2009, the undersigned issued an Order (DE# 270, 2/9/09) directing the Bank to provide Mr. Hussain and the Court with a copy of the bank signature cards. On February 11, 2009, the Bank faxed illegible copies of the signature cards for the accounts ending in 1499 and 5971. No signature cards were found for the account ending in 5761. The undersigned further directed the Bank to provide legible signature cards before the February 12, 2009 evidentiary hearing. No legible copies were produced by the Bank. The Court provided C&H with its copy of the bank signature cards at the evidentiary hearing.

On February 12, 2009, the undersigned held an evidentiary hearing to determine the nature of Mr. Hussain's ownership interest in the Bank of America accounts ending in 1499, 5761 and 5971.  The undersigned heard sworn testimony from Tariq Hussain. No documents were admitted into evidence.

**LEGAL ANALYSIS**

Florida's procedure in aid of execution governs in the instant case. See Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. Florida law requires garnishment statutes to be strictly construed. Gigliotti Contracting North, Inc. v. Traffic Control Products of North Florida, Inc., 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001).

1.    **First Motion for Final Judgment of Garnishment**

In its first Motion for Final Judgment of Garnishment (DE# 257, 9/12/08), C&H seeks a final judgment of garnishment with respect to Mr. Hussain's six Bank of America accounts ending is 5761, 1499, 9840, 2180, 3270 and 7318. Mr. Hussain has not specifically responded to C&H's first motion as it relates to the accounts ending is 9840, 2180, 3270 and 7318. Since Mr. Hussain has failed to raise any objections with respect to the bank accounts ending is 9840, 2180, 3270 and 7318, the undersigned finds that C&H is entitled to a final judgment of garnishment as to these accounts.

With respect to the accounts ending in 1499 and 5761, the nature of Mr. Hussain's ownership interest in these accounts is in dispute. The Bank's Answer to the writ of garnishment identifies the names on the account ending in 1499 as "Tariq Hussain, Sajid Hussain"[3] and on the account ending in 5761 "Tariq Hussain or Sadiq Hussain." See Answer to Writ of Garnishment Served July 7, 2008 and Demand for Attorney's Fees (DE# 245, 7/16/08). The Court must accept the garnishee's answer as true in this proceeding. Fla. Stat. § 77.061. "[F]or garnishment purposes, funds on

---

[3] Mr. Hussain's response indicates that the account ending in 1499 is also owned by Saeeda Khatoon. Mr. Hussain has not provided the Court with any evidence supporting Saeeda Khatoon's ownership of the account.

deposit in a financial institution are presumed to belong to the person or entity named on the account." Thomas J. Konrad & Associates, Inc. v. McCoy, 705 So. 2d 948, 949 (Fla. 1st DCA 1998) (citing Ginsberg v. Goldstein, 404 So. 2d 1098, 1099 (Fla. 3d DCA 1981) (noting that "[f]or the purposes of garnishment a bank deposit prima facie belongs to the person in whose name it stands."). Thus, the account ending in 1499 is presumed to belong to Tariq Hussain and Sajid Hussain and the account ending in 5761 is presumed to belong to Tariq Hussain and Sadiq Hussain. Sajid Hussain and Sadiq Hussain are not judgment debtors of C&H. See Final Judgment (DE# 220, 5/12/08). As such, the undersigned must determine Mr. Hussain's ownership interest in the funds in the accounts ending in 1499 and 5761 that are presumed to be jointly owned by Mr. Hussain and his brothers.

Under Florida law, "before a final judgment authorizing the judgment creditor to reach the funds held by the garnishee is entered, the interests [of the joint depositor] in the funds should be conclusively determined and the applicable law applied thereto." Antuna v. Dawson, 459 So. 2d 1114, 1117 (citing Huckabee v. PIC Investigations Corp., 262 So. 2d 474 (Fla. 3d DCA 1972) (per curiam)). Sajid and Sadiq Hussain are Mr. Hussain's brothers. Sajid and Sadiq Hussain have not asserted their property rights in this Court. Sajid and Sadiq Hussain were provided with notice of the instant proceedings at the address disclosed in the Bank's Answer and an opportunity to raise their objections. See Judgment Creditor Cassata & Hanson, P.L.'s Notice of Compliance as Ordered per the Court's January 9, 2009 Order (DE# 267, 1/21/09).

With respect to the account ending in 5761, Mr. Hussain testified that he shares this account with his brother Sadiq Hussain. He further testified that the $89.10 balance

belongs to him. Accordingly, C&H is entitled to a final judgment of garnishment as to the amounts contained in the account ending in 5761. As to the account ending in 1499, Mr. Hussain had the burden of proving by a preponderance of the evidence that all or part of the money contained in the account ending in 1499 was not subject to garnishment because it did not belong to him. See Beal Bank, SSB v. Almand and Associates, 780 So. 2d 45, 61 (Fla. 2001) (noting that debtor has burden of proof where no presumption arises). Mr. Hussain testified that the money contained in this account is sometimes Mr. Hussain's money and sometimes Sajid Hussain's money. Mr. Hussain did not meet his burden and Mr. Sajid Hussain did not file an objection. Accordingly, the undersigned finds that C&H is entitled to a final judgment of garnishment as to the amounts contained in the account ending in 1499.

Based on the foregoing, it is respectfully **RECOMMENDED** that the Court **GRANT** C&H's first Motion for Final Judgment of Garnishment (DE # 257, 9/12/08) in its entirety and issue a final judgment of garnishment in favor of C&H and against the garnishee Bank of America as to the amounts contained in the accounts ending is 9840, 2180, 3270, 7318, 1499 and 5761.

**2.     Second Motion for Final Judgment of Garnishment**

C&H's second Motion for Final Judgment of Garnishment (DE# 260, 9/24/08) is directed to the bank account ending in 5971. The Bank's Answer to the writ of garnishment identifies the account holders for the account ending in 5971 as: Tariq Hussain, Laura E. Hussain c/o All American Realty. See Answer to Writ of Garnishment Served July 7, 2008 and Demand for Attorney's Fees (DE# 245, 7/16/08). Bank statements produced for the account ending in 5971 list the names of both Mr. and Mrs.

Hussain. Mrs. Hussain was not a party to the underlying action and is not judgment debtor of C&H. Thus, the undersigned assumes the account ending in 5971 is owned by Mr. and Mrs. Hussain. See Thomas J. Konrad & Associates, 705 So. 2d at 949, supra. However, the nature of the joint ownership interest in this account is unclear. Whether an account is held as a tenancy by the entireties or some other form of joint ownership affects the rights of creditors of one spouse to garnish and execute on the funds held in that account. See Mathews v. Cohen, 382 B. R. 526, 530 (M.D. Fla. 2007), infra.

The undersigned must determine whether the bank account ending in 5971 is subject to garnishment. Under Florida law, a creditor cannot reach property held as tenants by the entireties to satisfy the individual debt of one spouse. See In re Sherwin, 388 B. R. 411, 415 (Bankr. S.D. Fla. 2008); Sheeler v. U. S. Bank of Seminole, 283 So.2d 566, 566 (Fla. 4th DCA 1973) (holding that monies held in a joint bank account of a husband and wife as a tenancy by the entirety was not subject to garnishment (or execution) to pay the individual debt of one of the parties).[4] However, funds held in a joint account can be garnished by the creditor of one of the joint account owners to the extent of the debtor's ownership of the funds. See Mathews v. Cohen, 382 B. R. 526, 530 (M.D. Fla. 2007) (noting that under Florida law, if property is held by spouses in joint tenancy with right of survivorship, a creditor holding debt against only one spouse may attach the debtor-spouse's share of property, leaving the share of the non-debtor spouse

---

[4] Florida recognizes an exception in cases of fraud. "'[T]he law is clear that a debtor may not transfer property owned by himself, individually, to himself and his wife as tenants by the entireties if such a transfer will defraud creditors by putting that property beyond the creditors' reach.'" Thomas J. Konrad & Associates v. McCoy, 705 So. 2d 948, 949 (Fla. 1st DCA 1998) (citing Valdivia v. Valdivia, 593 So. 2d 1190, 1192 (Fla. 3d DCA 1992)). Here, there is no evidence that Mr. Hussain intended to defraud creditors by placing funds in the account ending in 5971.

9

unaffected).

In Beal Bank, SSB, the Florida Supreme Court recognized the following presumption:

> [A]s between the debtor and a third-party creditor (other than the financial institution into which the deposits have been made), if the signature card of the account does not expressly disclaim the tenancy by the entireties form of ownership, **a presumption arises that a bank account titled in the names of both spouses is held as a tenancy by the entireties as long as the account is established by husband and wife in accordance with the unities of possession, interest, title, and time and with right of survivorship.**

Beal Bank, SSB v. Almand and Associates, 780 So. 2d 45, 58 (Fla. 2001) (emphasis added). This presumption "shift[s] the burden to the creditor to prove by a preponderance of the evidence that a tenancy by the entireties was not created." Id. at 58-59.

In the instant case, the undersigned was unable to ascertain the form of ownership for the account ending in 5971 from the illegible signature card provided by the Bank. See Beal Bank, SSB v. Almand and Associates, 780 So. 2d 45, 60 (Fla. 2001) (noting that "an express designation on the [bank] signature card that the account is held as a tenancy by the entireties ends the inquiry as to the form of ownership."). Thus, an evidentiary hearing on the issue was necessary. Mr. Hussain testified that he and his wife owned the account ending in 5971, that he and his wife had been married for approximately 20 years and that he was married to Mrs. Hussain at the time they opened the account ending in 5971. Mr. Hussain further testified that if he passed away, the money in the account ending in 5971 would go to his wife.

The Florida Supreme Court identified six characteristics of property that is held as a tenancy by the entireties: (1) unity of possession (joint ownership and control); unity of

interest; (3) unity of title; (4) unity of time; (5) survivorship and (6) unity of marriage. Beal, 780 So. 2d at 52. The undersigned finds that Mr. Hussain established the unities of a tenancy by the entireties and that a presumption arises that the account ending in 5971 is owned by Mr. and Mrs. Hussain as a tenancy by the entireties. Beal, 780 So. 2d at 58. As such, the burden shifts to C&H "to prove by a preponderance of the evidence that a tenancy by the entireties was not created." Id. at 58-59.

C&H argues that the account ending in 5971 is not held as a tenancy by the entireties because it is a business account. C&H points out that Mr. Hussain used the account ending in 5971 on at least three occasions to make payments to a business credit card. At the evidentiary hearing, Mr. Hussain testified that the account ending in 5971 was personal in nature. Mr. Hussain explained that he was personally liable for the amounts owed on that business credit card and that he had to use his personal funds contained in account 5971 to pay the business credit card because his business was no longer generating revenue. The undersigned finds that Mr. Hussain's use of funds in the account ending in 5971 to pay for the business credit card for which he is personally liable does not overcome the presumption that the account ending in 5971 is held as a tenancy by the entireties.

C&H further argues that Mr. Hussain does not have standing to contest the garnishment of the account ending in 5971 because the objection must be raised by Mrs. Hussain.[5] The undersigned finds that Mr. Hussain has standing to contest the garnishment of the account ending in 5971. Mr. Hussain clearly has an interest in the

---

[5] The undersigned notes that Mrs. Hussain did seek relief from the garnishment of the account ending in 5971 although she did not articulate specific objections. See Motion for Emergency Hearing (DE# 247, 8/5/09).

funds in the account ending in 5971. "When a married couple holds property as a tenancy by the entireties, each spouse is said to hold it 'per tout,' meaning that each spouse holds the 'whole or the entirety, and not a share, moiety, or divisible part.'" Beal Bank, SSB v. Almand and Associates, 780 So. 2d 45, 53 (Fla. 2001) (citing Bailey v. Smith, 89 Fla. 303, 103 So. 833, 834 (1925)).

Even if the ownership issue was not raised by Mrs. Hussain, the garnishment statute anticipates that the garnishee's answer to the writ may raise issues requiring a trial or evidentiary hearing. See Fla. Stat. § 77.07(4); Florida Public Service Commission v. Pruitt, Humphress, Powers & Munroe Advertising Agency, Inc., 587 So. 2d 561 (Fla. 1st DCA 1991) (reversing judgment of garnishment where answer to writ of garnishment raised issue of fact concerning ownership of funds in garnished bank account). In Huckabee v. PIC Investigations Corp., 262 So. 2d 474 (Fla. 3d DCA 1972) (per curiam), the answer to a writ of garnishment revealed that the garnishee held $3,900 in escrow belonging to the judgment debtor and his spouse. The judgment debtor's spouse was not a party in the proceedings. The trial court entered final judgment allowing garnishment by the judgment creditor. The appellate court reversed holding that "[t]he answer filed by garnishee raised a sufficient question of an interest by [the judgment debtor's spouse] in the escrowed funds and before a final judgment authorizing the judgment creditor to reach the funds held by the garnishee is entered, the interests of [the judgment debtor's spouse] in the funds should be conclusively determined and the applicable law applied thereto." Id. Similarly here, the issue of Mrs. Hussain's ownership of the account ending in 5971 was raised by the garnishee's answer to the writ. Thus, Mrs. Hussain's failure to participate in the instant proceedings does not relieve the Court

of its responsibility to conclusively determine the ownership interest in the account ending in 5971.

In sum, the account ending in 5971 is presumed to be held as a tenancy by the entireties. C&H has not met its burden to refute this presumption. As such, because C&H is a judgment creditor of only one spouse, C&H is not entitled to a final judgment of garnishment as to the account ending in 5971. Based on the foregoing, the undersigned respectfully recommends that the second Motion for Final Judgment of Garnishment (DE# 260, 9/24/08) be **DENIED** and the writ of garnishment as to the account ending in 5971 should be dissolved.

3.       **Garnishee's Request for Attorney's Fees**

The Bank has made a demand for statutory attorneys' fees. Section 77.28 provides that "[o]n rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney's fee, and in the event of a judgment in favor of the plaintiff, the amount shall be subject to offset by the garnishee against the defendant whose property or debt owing is being garnished. In addition, the court shall tax the garnishee's costs and expenses as costs." Fla. Stat. § 77.28. The Bank in entitled to reasonable attorney's fees and costs. On January 9, 2009, the undersigned issued an Order (DE# 266) directing the Bank to file an affidavit if it was seeking fees and costs in excess of the $100 deposited with the Court. To date, the Bank has not filed an affidavit. As such, the undersigned finds that the Bank is entitled to reasonable fees and costs in the amount of $100.

The undersigned **RECOMMENDS** that the District Court issue an order directing the Clerk of the Court to pay the garnishee, Bank of America, the $100 previously

deposited with the registry of the Court as statutory attorney's fees pursuant to section 77.28, Florida Statutes.

## CONCLUSION

In accordance with the foregoing, it is **RESPECTFULLY RECOMMENDED** as follows:

1. that the first Motion for Final Judgment of Garnishment (DE # 257, 9/12/08) be **GRANTED** in its entirety and that a final judgment in favor of C&H and against the garnishee, Bank of America, for the amounts in the accounts ending in 5761, 1499, 9840, 2180, 3270 and 7318 be issued,

2. that the second Motion for Final Judgment of Garnishment (DE# 260, 9/24/08) be **DENIED** and that the writ of garnishment as to the account ending in 5971 be dissolved and

3. that Court **GRANT** the garnishee Bank of America's request for statutory attorney's fees pursuant to section 77.28, Florida Statutes, and direct the Clerk of the Court to issue the $100 previously deposited with the registry of the Court to the garnishee's counsel, Haley, Sinagra, Paul & Toland, P.A., as compensation toward the garnishee's reasonable attorney's fees.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See

LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

DONE AND ORDERED, in Chambers, at Miami, Florida, this **13th** day of February, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

United States District Judge Seitz
All Counsel of Record

Copies mailed by Chambers to:

Tariq Hussain
All American Investment Realty, Inc.
All American Mortgage Bank, Inc.
LTDS Petroleum, Inc.
LTDAS Petroleum, Inc.
Labelle Petroleum, Inc.
3670 SW 23 Street
Ft. Lauderdale, FL 33312